UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 05-30-GWU

ALAN MILLS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

05-30 Mills

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

05-30 Mills

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately

portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Alan Mills, a 49-year-old man with a high school equivalency degree and no work experience in the past 15 years, filed his current application for SSI on February 19, 2003 (protective filing date).  (Tr. 294).  At the request of the defendant, an unfavorable Administrative Law Judge (ALJ) decision of August 23, 2004 was vacated and remanded by this court because the defendant was unable to locate the claim file.  (Id.).  After hearing the testimony and considering additional evidence on remand, the ALJ issued another unfavorable determination on March 22, 2006, which is the subject of the present appeal.  (Tr. 294-303).  The ALJ noted that in the interim, Mr. Mills had filed a subsequent SSI application on December 29, 2004, and was awarded SSI benefits effective that date.  (Tr. 294).  The plaintiff has a relatively narrow period in which he must establish disability, therefore, covering from February 19, 2003, the date of the SSI application, through December 28, 2004, the date he was awarded benefits.[1]

---

[1] The plaintiff had filed previous SSI applications, which were eventually denied by an ALJ decision of January 31, 2003, and this decision was not further appealed.  (Tr. 354-66, 572-3).  At the time of the 2003 decision, the ALJ determined that alcohol was a material factor in the determination of disability, but the ALJ in the present case found that there was no evidence of continuing substance abuse, and departed from the residual functional capacity found in the final 2003 decision.  (Tr. 295, 361-6).

05-30  Mills

The ALJ found that during the relevant period, Mr. Mills had a "severe" combination of impairments consisting of degenerative disc disease of the cervical spine, degenerative joint disease of the right knee, osteoarthritis, upper end of borderline to low average intellectual functioning, a recurrent moderate major depressive disorder, a dysthymic disorder, a generalized anxiety disorder, a history of neck and leg pain, lower back pain and strain, alcohol dependence/abuse (reportedly in full sustained remission), and complaints of sleep disturbances.  (Tr. 297).  He concluded that Mr. Mills had a residual functional capacity for "medium" level exertion, with the following non-exertional restrictions. (Tr. 301).  He: (1) could occasionally climb or bend; (2) would be precluded from exposure to work hazards, respiratory irritants, or extremes of temperature or humidity; and (3) would be capable of performing no more than simple, unskilled work.  (Id.).  The ALJ found that the non-exertional restrictions would not significantly limit the plaintiff's ability to perform a full range of medium level work, and therefore applied Rule 203.28 of the Commissioner's Medical-Vocational Guidelines (the "grids"), applicable to an individual of the plaintiff's age, high school education, and lack of work experience, which directs a conclusion of "not disabled."  (Tr. 302-3).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

As an initial matter, the court notes that it was erroneous to rely on the grids given the non-exertional restrictions.  The ALJ justified the use of the grids in the

2004 decision by quoting a statement in the regulations at Section 203.00(b) of 20 C.F.R. Pt. 404, Subpt. P, App. 2, which provides that "the functional capacity to perform medium work represents such substantial work capability at even the unskilled level that a finding of disabled is ordinarily not warranted . . . ." (Tr. 579). However, Social Security Ruling 85-15, which is binding on all levels of the Social Security Administration, states that some stooping (defined as "bending the body downward and forward by bending the spine at the waist") is required to do almost any kind of work, and, although the sedentary and light occupational base would be virtually intact, an inability to stoop frequently would substantially affect the more strenuous portion of the occupational base.  SSR 85-15, p. 7.  SSR 85-15 also provides that where an individual can tolerate "very little noise, dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants, and other potentially damaging conditions."  If environmental restrictions falls between very little and excessive, "resolution of the issue will generally require consultation of occupational reference materials or the services of a [vocational expert]."  SSR 85-15, p. 8.  Since the functional capacity found by the ALJ precludes exposure to pulmonary irritants and temperature and humidity extremes, reliance on the grids was improper.

     Moreover, the mental restrictions found by the ALJ are not supported by evidence in the court transcript.  According to the hearing decision, the plaintiff underwent two consultative psychological evaluations during the relevant period,

05-30  Mills

one by Gary Maryman in April, 2003, and one by Reba Moore in August, 2004. (Tr. 298-9). Although Dr. Maryman's conclusions as reported in the hearing decision would support the ALJ's restrictions (Tr. 298-9), Dr. Maryman's report is not included in the transcript on appeal, although it is contained in the list of exhibits (Tr. 287).[2] Reba Moore's report is included, however, and contains a residual functional capacity assessment form stating that the plaintiff has a "seriously limited but not precluded" ability to make most occupational adjustments. (Tr. 633-4). Clearly, this is not consistent with the ALJ's mental restrictions.  The transcript also contains office notes from the Comprehensive Care Center (CCC) which include an initial diagnosis by the staff psychiatrist, Dr. Siddeque, of a recurrent moderate major depressive disorder and a Global Assessment of Functioning (GAF) score of 55. (Tr. 714). As the ALJ noted, a GAF score of 55 reflects "moderate" symptoms or moderate difficulty in social, occupational, or school functioning. <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34. While such a score might not be fatally inconsistent with the ALJ's mental restrictions standing on its own, the fact remains that Reba Moore is the only mental health professional to give an opinion regarding functional restrictions whose report the defendant was

---

[2] There is an asterisk in the list of exhibits next to Dr. Maryman's report, which the court notes is sometimes used by the Commissioner to designate an exhibit which is not available for inclusion. (Tr. 287). Presumably that is true in the present case, although not specifically stated.

05-30  Mills

able to produce on appeal.[3]  There is an additional issue in that Moore conducted achievement testing which showed a third grade reading ability and a fifth grade arithmetic ability.  (Tr. 630).  The regulations recognize that a claimant's numerical grade level may not represent his actual educational abilities, although the grade level will be used if there is no other evidence to contradict it.  20 C.F.R. Section 416.964.  The testing results obtained by Moore is certainly evidence to contradict the numerical grade level.

The plaintiff also raises the issue of physical restrictions.  He maintains that the ALJ did not give sufficient weight to the opinion of a treating physician, Dr. Gopal Rastogi.  He does not cite the specific opinion to which he refers.  However, it appears that Dr. Rastogi completed a functional capacity assessment dated September 20, 2002, limiting the plaintiff to sedentary level exertion and less than full-time sitting, standing, and walking, in addition to having additional non-exertional restrictions.  (Tr. 547).  This opinion was not mentioned by the ALJ, and apparently was not considered by the previous ALJ in the final January 31, 2003 administrative decision (Tr. 354-6), suggesting that it was submitted in connection with the present application for benefits.  Although it predates the relevant time period by approximately four months, it is unlikely that the plaintiff's condition would have

---

[3]Opinions from non-examining state agency psychologists were apparently obtained (Tr. 287) but are also not contained in the transcript, and the ALJ noted that they were not available for his review, either (Tr. 301).

05-30  Mills

improved dramatically in such a short period of time.  While there may be various good reasons for discounting the opinion, it would appear that Dr. Rastogi's opinion should at least have been considered by the ALJ, based on the transcript in its present state.

The decision will be remanded for further consideration.

This the 20th day of December, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**